```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA

                                  :   CIVIL ACTION
   A.D. ALBERTON &                :   NO. 06-3755
   MARK C. KESSLER,               :
                                  :
        Plaintiffs,               :
                                  :
   v.                             :
                                  :
                                  :
   COMMONWEALTH LAND TITLE        :
   INSURANCE CO.,                 :
                                  :
        Defendant.                :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                              April 25, 2008

Plaintiffs Alberton and Kessler ("plaintiffs") sue Defendant Commonwealth Land Title Insurance Company ("Commonwealth"), claiming that Commonwealth overcharged them and others when plaintiffs purchased title insurance from Commonwealth. The Court granted the plaintiffs' motion for class certification on January 31, 2008. For the reasons that follow, the Court now approves the proposed class notice.

I.   BACKGROUND[1]

Under Pennsylvania law, Commonwealth was required to provide a discounted rate to customers who purchased insurance if

---

[1] The facts of this case are set forth in full in the Court's opinion on class certification, with which the Court assumes familiarity. Alberton v. Commonwealth Land Title Ins. Co., 247 F.R.D. 469, 473-74 (E.D. Pa. 2008).

the property being insured was identical to or part of a property that had been insured in the past ten years.[2] Customers who had purchased title insurance within the ten years preceding their purchase from Commonwealth were entitled to the "reissue rate," which was 90% of the standard rate.[3] Customers who had purchased title insurance within the three years preceding their purchase from Commonwealth received a greater discount.[4] They were eligible for the "refinance rate," which was 80% of the standard rate.

---

[2] The rates that may be charged for title insurance are set out in the Title Insurance Rating Bureau of Pennsylvania Manual ("TIRBOP Manual"), which is governed by the Pennsylvania Title Act, 40 P.S. 910-1 et seq. The Manual contains rates that have been proposed by the Title Insurance Rating Bureau of Pennsylvania ("TIRBOP") and have been approved for all of TIRBOP's members, including Commonwealth.

[3]
> A purchaser of a title insurance policy shall be entitled to purchase this coverage at the reissue rate if the real property to be insured is identical to or is part of real property insured 10 years immediately prior to the date the insured transaction closes when evidence of the prior policy is produced notwithstanding the amount of coverage provided by the earlier policy.

TIRBOP Rate Manual, § 5.3, Ex. 36, App. to Def.'s Resp. to Pl.'s Mot. for Class Certification (doc. no. 74) (emphasis added).

[4]
> When a refinance or substitution loan is made within 3 years from the date of closing of a previously insured mortgage or fee interest and the premises to be insured are identical to or part of the real property previously insured and there has been no change in the fee simple ownership, the Charge shall be 80% of the reissue rate.

Id. § 5.6.

Although Commonwealth did provide the discounted rates to customers who provided proof of their prior title insurance policy, it only provided the discounted rate to these customers. It did not, for example, provide the discounted rate when a title search, conducted as a routine part of title insurance sales, revealed that a customer had remortgaged a property within the past ten years. Plaintiffs contend that remortgaging would have required the customer to purchase title insurance and therefore should have been interpreted by Commonwealth as conclusive evidence of a prior policy. Plaintiffs argue that Commonwealth was required to provide the discounted rates based on information uncovered in the title search or elsewhere, rather than waiting for customers to produce their prior policies.

On January 31, 2008, the Court granted plaintiffs' motion for class certification, finding that the proposed class meets the requirements of Federal Rule of Civil Procedure 23(b)(3). A class was certified consisting of

> all persons or entities who, from July 25, 2000 until August 1, 2005, paid premiums for the purchase of title insurance from defendant Commonwealth Title Insurance Company, in connection with a refinance of a mortgage or fee interest with respect to real property located in Pennsylvania that was insured by a prior title insurance policy within ten years of the refinance transaction, and were not charged the applicable Reissue Rate or Refinance Rate discount for title insurance on file with the Pennsylvania Insurance Commissioner.

Alberton, 247 F.R.D. at 482-83. Two subclasses were certified.

Subclass A, represented by plaintiff Alberton, consists of persons whose prior purchase of title insurance was made within three years preceding their transactions with Commonwealth. Subclass B, represented by plaintiff Kessler, consists of persons whose prior purchase was made more than three years but within ten years preceding their transactions with Commonwealth.

II.  Proposed Class Notice

    A.   <u>Legal Standard</u>

> For any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort.  The notice must clearly and concisely state in plain, easily understood language:
>
> (i)   the nature of the action;
> (ii)  the definition of the class certified;
> (iii) the class claims, issues, or defenses;
> (iv)  that a class member may enter an appearance through an attorney if the member so desires;
> (v)   that the court will exclude from the class any member who requests exclusion;
> (vi)  the time and manner for requesting exclusion; and
> (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

    B.   <u>Proposed Notice</u>

Plaintiffs have created long-form and summary notices (attached as Exhibits A and B respectively).  They are currently in the process of reviewing Commonwealth's records to create a

list of class members.  The long-form notice will be mailed to individual class members.  The summary notice will be published on the internet and in three major newspapers in Pennsylvania.

### 1. Identifying class members

Plaintiffs have hired a consultant to review Commonwealth's records and identify class members.  Commonwealth has produced information about its customers from multiple sources.  First, Commonwealth produced title policies and commitments generated by its direct operations and agents.  Second, it has produced policies and related documents that are maintained by the Agency Service Center ("ASC"), a facility operated by LandAmerica, Commonwealth's parent company.  Third, Commonwealth has produced HUD-1 forms for its Direct Eastern Operations.  Finally, Commonwealth has produced electronic data from five sources: the ASC database, LandAmerica's revenue accounting system, and the databases for RamQuest, TitleWave and ABACUS (all software systems that Commonwealth uses to generate insurance policies).

Plaintiffs estimate that the class contains between 118,000 and 140,000 members.  The class list currently contains names and addresses for over 100,000 members and plaintiffs' consultant continues to review Commonwealth's records.

When the class list is complete, plaintiffs intend to hire a Class Administrator who will review the list to

standardize addresses and eliminate obvious duplicates.  The Administrator will be responsible for mailing the notices.

      2.   Method of notifying class members

The notice will be distributed in three ways.  First, individual notice via first-class mail will be provided to each class member who appears on the class list.  If a notice is returned as undeliverable, the Class Administrator will use the U.S. Postal Service's National Change of Address database to find a current address for the class member.  If a current address is found, notice will be sent to that address.

Second, the Class Administrator and/or class counsel will establish a website that will provide information about the case.  The website will allow the public to view: 1) the certification order; 2) the second amended complaint; 3) Commonwealth's answer to the complaint; and 4) information on how to be excluded from the class.  The mailed notice will list the website address.

Third, the summary notice will be published once as a quarter-page advertisement in each of three newspapers: the Philadelphia Inquirer, the Harrisburg Patriot News, and the Pittsburgh Post-Gazette.[5]

---

[5] The plaintiffs argue that notice by publication is not required. They cite two cases, one from the Southern District of New York and one from the Eighth Circuit, in support of this proposition.  The Eighth Circuit case, Grunin v. Int'l House of

C.  Analysis

The proposed notice satisfies Rule 23's requirements for content and method of distribution.  As to distribution, "first-class mail and publication regularly have been deemed adequate under the . . . notice requirements . . . of Rule 23(c)(2)."  Zimmer Paper Prods., Inc. v. Berger & Montague, P.C., 758 F.2d 86, 91 (3d Cir. 1985) (citing Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 173-75 (1974)).  In Grunewald v. Kasperbauer, the Court concluded that individual notices to 2,800 of 5,003 class members satisfied Rule 23(c)(2)(b) when combined with publication in three major newspapers and on the internet. 235 F.R.D. 599, 609 (E.D. Pa. 2006) (Robreno, J.).  The individual notices in this case will likely reach a greater percentage of the class members than received individual notices in Grunewald.  In Grunewald, individual notices reached about 50% of the class; here, individual notices should reach upwards of

---

Pancakes, 513 F.2d 114 (8th Cir. 1975), is inapplicable here because it applies the less stringent notice standards that govern classes certified under Rule 23(b)(1) or (2).  This class was certified under Rule 23(b)(3).  Gonzalez v. City of New York, the other case cited by plaintiffs, relies on Grunin for the proposition that individual mailings may be sufficient without publication notice.  396 F. Supp. 2d 411, 418 (S.D.N.Y. 2005). However, the actual holding of Gonzalez was that the plaintiff had received adequate notice where individual notices had been mailed and notice had been published in five major newspapers. Id.

70% of the class.[6]  As in <u>Grunewald</u>, the individual notices will be accompanied by publication in major newspapers and on the internet.  These supplemental forms of notice aim to reach those class members who have changed their addresses since their purchase from Commonwealth or who, for whatever reason, are not identified by plaintiffs' consultant.

The proposed notice also satisfies Rule 23's requirements as to content.  Both the long-form and summary notices contain the information required by Rule 23.  The summary notice summarizes the information in the longer notice and directs class members to the website for more information.  It also contains information about how to opt out of the case and how to contact class counsel.

III. CONCLUSION

For the afore-mentioned reasons, plaintiffs' proposed class notice will be approved with the requirement that the summary notice be published in print publications consistent with this memorandum.  An appropriate order follows.

---

[6]  Plaintiffs have already obtained names and addresses for approximately 100,000 members of the class, which is estimated to number between 118,000 and 140,000.

```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA

                                   :   CIVIL ACTION
A.D. ALBERTON &                    :   NO. 06-3755
MARK C. KESSLER,                   :
                                   :
     Plaintiffs,                   :
                                   :
v.                                 :
                                   :
                                   :
COMMONWEALTH LAND TITLE            :
INSURANCE CO.,                     :
                                   :
     Defendant.                    :
```

O R D E R

**AND NOW**, this **25th day of April 2008**, it is hereby **ORDERED** that plaintiffs' proposed class notice is **APPROVED**. The notice shall be distributed via individual mailings, the internet, and print publication, consistent with the terms of the attached memorandum.

**AND IT IS SO ORDERED.**

S/Eduardo C. Robreno
**EDUARDO C. ROBRENO, J.**