IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| A.D. ALBERTON & | : | CIVIL ACTION |
| MARK C. KESSLER, | : | NO. 06-3755 |
|  | : |  |
| Plaintiffs, | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
| COMMONWEALTH LAND TITLE | : |  |
| INSURANCE CO., | : |  |
|  | : |  |
| Defendant. | : |  |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                    July 29, 2008

        This class action alleges that Plaintiffs Alberton and
Kessler, and other similarly situated individuals, were
overcharged by Commonwealth Land Title Insurance Company
("Commonwealth") for title insurance that plaintiffs purchased
between July 25, 2000 and August 1, 2005 (the "class period").
Currently before the Court is a motion to supplement the Court's
decision certifying the class.  For the reasons stated below, the
motion will be denied, except insofar as the Court is asked to
evaluate the adequacy of a newly-named class representative.

-1-

I.    BACKGROUND[1]

A.    <u>Facts</u>

Plaintiffs Alberton and Kessler allege that they and other Commonwealth customers were overcharged for title insurance that they purchased during the class period.  They claim that, because they had already purchased title insurance at some point before their purchase from Commonwealth, they were entitled to a discounted rate, which they did not receive from Commonwealth.

The rates that Commonwealth may charge for insurance are set out in the Title Insurance Rating Bureau of Pennsylvania Manual ("TIRBOP Manual"),[2] which is governed by the Pennsylvania Title Act, 40 P.S. § 910-1 <u>et seq.</u>  The TIRBOP Manual provides for a mandatory three-tiered pricing structure.  The default Basic Rate applies when the purchaser of title insurance does not qualify for a special rate.  TIRBOP Manual § 5.50.  The Reissue Rate applies when a property owner purchases title insurance within ten years of obtaining a policy issued on the same property.  § 5.3.  The Reissue Rate is ninety percent of the

---

[1]    The facts of this case are set forth in detail in the Court's opinion on class certification.  <u>Alberton v. Commonwealth Land Title Ins. Co.</u>, 247 F.R.D. 469 (E.D. Pa. 2008).  Therefore, only the facts relevant to the motion to reconsider are reviewed here.

[2]    The Manual contains rates that have been proposed by the Title Insurance Rating Bureau of Pennsylvania ("TIRBOP") and have been approved for all of TIRBOP's members, including Commonwealth.

Basic Rate.  § 5.50.  Finally, if the property owner applies for title insurance within three years of obtaining a previous policy, the Refinance Rate applies, which is eighty percent of the Reissue Rate.  § 5.6.

The section of the TIRBOP Manual setting forth the Reissue Rate during the relevant time period provided that

> A purchaser of a title insurance policy shall be entitled to purchase this coverage at the reissue rate if the real property to be insured is identical to or is part of real property insured 10 years immediately prior to the date the insured transaction closes <u>when evidence of the prior policy is produced</u> notwithstanding the amount of coverage provided by the earlier policy.

§ 5.3, Ex. 36, App. to Def.'s Resp. to Pl.'s Mot. for Class Certification (doc. no. 74) (emphasis added).

The Manual also set forth the Refinance Rate, in slightly different language:

> When a refinance or substitution loan is made within 3 years from the date of closing of a previously insured mortgage or fee interest and the premises to be insured are identical to or part of the real property previously insured and there has been no change in the fee simple ownership, the Charge shall be 80% of the reissue rate.

§ 5.6.

Plaintiff argues that an insurance purchaser was entitled to a reduced rate "whenever the title search [which Defendant was required by law to conduct] reveal[ed] events

-3-

recorded in the chain of title that would lead any reasonable title agent to conclude that a prior title policy was issued in connection with such event." Pls.' Mem. in Support of Class Certification 7. Specifically, Plaintiffs argue that any time Defendant's agents discovered in the title search that an insurance purchaser had obtained a mortgage on the property within the past 3 or 10 years, Defendant's agents should have known that a prior insurance policy had been issued. Plaintiffs base this argument on the assertion that "institutional lenders require title insurance in nearly all instances when they provide a mortgage." Id. Defendant strenuously contests this purported fact.

Instead, Defendant argues that the language of the Manual requires the insurance purchaser to provide evidence of the prior insurance policy rather than relying on Commonwealth to uncover the policy in its title search. Commonwealth claims that, contrary to Plaintiff's allegations, it is possible to obtain a mortgage or refinancing without title insurance in a variety of circumstances. Therefore, it would be impossible to conclude that every member of the proposed class who purchased title insurance from Commonwealth within 3 or 10 years of obtaining a mortgage or refinancing was eligible for a reduced premium from Commonwealth.

B.   <u>Procedural History</u>

This case was certified as a class action under Rule 23(b)(3) on January 31, 2008.  Two subclasses were certified: Subclass A, consisting of persons who may have been eligible for the refinance rate because they purchased title insurance within the three years preceding their transactions with Commonwealth, and Subclass B, consisting of persons who may have been eligible for the reissue rate because they purchased title insurance within the ten years preceding their transactions with Commonwealth.  <u>Alberton v. Commonwealth Land Title Ins. Co.</u>, 247 F.R.D. 469, 478-79 (E.D. Pa. 2008).  Plaintiff Alberton represents Subclass A.  The certification of Subclass B was made conditional on the identification of a named plaintiff to represent the subclass.

On March 13, 2008, a Second Amended Complaint was filed that identified Plaintiff Kessler as the proposed representative of Subclass B.  The parties agree that the Second Amended Complaint is identical to the prior complaint except that it reflects the two subclasses created by the Court and includes factual allegations related to Plaintiff Kessler.

On May 13, 2008, Commonwealth filed the motion for supplemental class certification currently before the Court.

II.  MOTION FOR SUPPLEMENTAL CERTIFICATION

        Commonwealth asks the Court to supplement its opinion on class certification in two ways.  First, because Kessler was not a named plaintiff in this case at the time the class was certified, Commonwealth asks the Court now to consider the adequacy of Kessler as a representative of Subclass B.  Second, Commonwealth argues that the Court's opinion was insufficiently detailed under <u>Wachtel ex rel. Jesse v. Guardian Life Insurance Co. of America</u>, 453 F.3d 179 (3d Cir. 2006).  Therefore, Commonwealth asks the Court to provide further guidance on the issues to be tried on a class-wide basis.[3]

        A.    <u>Adequacy of Plaintiff Kessler</u>

        Rule 23 requires that the class representative "fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  "This requires a determination of (1) whether

_____

        [3]    Because Commonwealth is asking the Court to alter an order that has already been entered, Commonwealth's motion is properly treated as a motion for reconsideration.  Rule 60 provides that motions for relief from an order "must be made within a reasonable time."  Fed. R. Civ. P. 60(c).  Here, Commonwealth waited over three months after the Court's decision on class certification to challenge the Court's order on class certification.  While the issue of Kessler's adequacy could not have been raised until after the filing of the Second Amended Complaint naming Kessler, the remaining issues in Commonwealth's motion relate only to the Court's certification order and could have been raised immediately after certification was granted.  In any event, the issue of timeliness need not be resolved because the Court will deny Commonwealth's motion on its merits.

-6-

the representatives' interests conflict with those of the class and (2) whether the class attorney is capable of representing the class." <u>Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.</u>, 259 F.3d 154, 185 (3d Cir. 2001).  In the Court's first certification order, the certification of Subclass B was made conditional on the identification of an adequate class representative.

Now that Plaintiff Kessler has been identified, his adequacy to act as class representative can, and must, be examined.  At the hearing on July 22, 2008, counsel informed the Court that discovery as to Plaintiff Kessler is now complete and counsel for plaintiff presented argument as to why Kessler is adequate to represent Subclass B.[4]  Commonwealth will now have an opportunity to raise any objections it has to Plaintiff Kessler as a class representative, including any objection to Kessler and Subclass B sharing counsel with Alberton and Subclass A, in light of the potential conflict between the subclasses that was identified by the Court in its certification order.  The attached order sets forth a briefing schedule to allow the parties to address this issue.

---

[4]     The Court will treat this argument as an oral motion that Kessler be approved as class representative of Subclass B.

-7-

B.    Underline{More Detailed Certification Order}

Defendant argues that it is uncertain as to the exact claims and defenses to be tried on a class-wide basis and that this Court's certification order does not meet the requirements articulated by the Third Circuit in <u>Wachtel</u>.  In <u>Wachtel</u>, the Court of Appeals stated that a certification order will be reviewed to determine "whether the precise parameters of defining the class and a complete list of the claims, issues, or defenses to be treated on a class basis are readily discernible from the text either of the certification order itself or of an incorporated memorandum opinion."  453 F.3d at 185.  However, it also "acknowledge[d] that class actions often present extraordinarily complex factual and legal scenarios, such that a complete list of the claims, issues, or defenses appropriate for class treatment may be difficult to discern or articulate at the time of certification."  <u>Id.</u> at 186 n.8.  Thus, an initial certification order must serve to streamline and direct proceedings until such time as it becomes necessary or possible to amend the certification order to further clarify the issues to be addressed at trial.  <u>Id.</u>

The certification order in this case complies with the requirements of <u>Wachtel</u>.  It analyzes each claim in the Complaint and describes why it is suitable for trial on a class-wide basis.  <u>Alberton</u>, 247 F.R.D. at 479-82.  The order also

-8-

addresses defenses raised by Commonwealth that, if resolved in
Commonwealth's favor at the summary judgment stage, would
necessitate that certain of the claims be de-certified pursuant
to Federal Rule of Civil Procedure 23(c)(1)(C).  Id.

In its reply brief regarding supplemental class
certification, Commonwealth identified a number of specific
objections to the Court's certification order.

First, Commonwealth argues that, because no contract
or fiduciary relationship existed between Commonwealth or its
agents and the plaintiff-borrowers, determination of plaintiffs'
contract and misrepresentation[5] claims cannot be done on a
class-wide basis.  However, the Court's opinion noted that the
following issues could be addressed on a class-wide basis: 1)
whether the standard paperwork used in a title insurance
transaction (if there is such "standard paperwork") forms a
contract between the borrower and Commonwealth or its agent; 2)
whether the TIRBOP Manual is incorporated into any such
contract; 3) what is the meaning of Section 5.3 and Section 5.6

---

[5]     Commonwealth's brief makes numerous references to a
claim for breach of fiduciary duty.  No such claim is asserted in
the Second Amended Complaint.  Instead, there are claims for
fraudulent and negligent misrepresentation.  In order to
establish either claim, plaintiffs must prove justifiable
reliance.  Here, plaintiffs seek to establish justifiable
reliance by showing that a fiduciary relationship exists between
sellers and purchasers of title insurance.  Alberton, 247 F.R.D.
at 481.  To the extent that Commonwealth refers to "fiduciary
duty claims," the Court assumes that Commonwealth intends to
refer to plaintiffs' claims for misrepresentation.

of the Manual; and 4) whether, as a matter of law, there is a
fiduciary relationship between a seller and a purchaser of title
insurance.  Id. at 479-81.  Commonwealth's defense that there
existed neither a contract nor a fiduciary relationship between
itself and the plaintiffs will be resolved when these issues are
addressed.[6]

---

[6]     At oral argument, Commonwealth reiterated an argument
it made in opposition to class certification.  Commonwealth
argued that, in order to succeed on claims of intentional or
negligent misrepresentation or for a claim under the Uniform
Trade Practices and Consumer Protection Law, plaintiffs must
provide individualized proof of justifiable reliance.  This
individualized proof cannot be made a class-wide basis and thus,
the argument goes, an important defense of Commonwealth's to the
misrepresentation claims has been ignored in the certification
order.
        To the contrary, the Court's certification order
explicitly addressed this very issue:
        Defendants argue that individual issues predominate
        in both of these causes of action because both
        misrepresentation torts require proof of justifiable
        reliance. Indeed, "a showing that the plaintiff acted in
        reliance on the defendant's misrepresentations . . .
        would normally vary from person to person," therefore,
        the question of justifiable reliance "is not generally
        appropriate for resolution in a plaintiff-class action."
        However, individualized proof of reliance is excused
        where the defendant has a fiduciary relationship with
        the plaintiffs.
        Plaintiffs argue that the relationship between
        Commonwealth and the class members excuses the need for
        individualized proof of reliance. To the extent that
        this argument rests, not on individual characteristics
        of a particular Commonwealth-purchaser relationship, but
        on characteristics inherent to every relationship
        between a seller and purchaser of title insurance, this
        claim may proceed on a class basis. However, if it is
        determined 1) that proving the special relationship will
        require an examination of each purchaser's relationship
        with Commonwealth or 2) that no such special
        relationship existed between Commonwealth and the

Second, with respect to plaintiffs' claims for misrepresentation, unjust enrichment, violation of the Pennsylvania Uniform Trade Practices and Consumer Protection Law ("UTPCPL"), and money had and received, one of Commonwealth's defenses is that it acted in good faith at all times. Commonwealth asks whether evidence will be received concerning the "experience, intent and understanding of each agent as to his or her good faith interpretation of the Rate Manual." Def.'s Reply Mem. 5 (doc. no. 158).

Commonwealth provides no legal authority for its position that good faith would provide a defense to all these claims. The UTPCPL prohibits "engaging in any . . . deceptive conduct which creates a likelihood of confusion or of misunderstanding." 73 Pa. Cons. Stat. § 201-2(4)(xxi) (2007). "[A] policy of not applying published insurance rates, if proven, would satisfy the requirement of a deceptive practice under the UTPCPL." Alberton, 247 F.R.D. at 481 (citation omitted). Thus, good faith would not provide a defense to this

_____

purchasers, individualized proof of reliance will be required and the class will be de-certified as to the fraudulent and negligent misrepresentation claims. Alberton, 247 F.R.D. at 481 (citations omitted).
        Moreover, the Court rejected Commonwealth's argument regarding plaintiffs' claims under the UTPCPL, noting that under a 1996 amendment to the statute, "plaintiffs must now show conduct that is 'deceptive to the ordinary consumer,' but need not prove all the elements of fraud. Thus, individualized proof of justifiable reliance is no longer required to succeed on a claim under the UTPCPL." Id. at 480-81.

-11-

claim.

Moreover, because plaintiffs brought their claims against Commonwealth, the good faith at issue is Commonwealth's good faith in formulating company policy and conveying that policy to its agents.  Questions of what Commonwealth knew or did can be resolved on a class-wide basis even though questions about what particular agents knew may not.

The remainder of Commonwealth's objections ask the Court to address whether particular pieces of evidence will be admissible at trial to prove plaintiffs' claims.  These sorts of objections ask the Court to provide far more specificity than has been provided by other courts that have recently certified similar classes.  For example, in <u>Cohen v. Chicago Land Title Insurance Co.</u>, another court in this district certified a claim for negligent supervision, listing as a common issue for trial "whether Chicago Title's protocol, oversight, and training of its agents deprived the class of discounted rates."  242 F.R.D. 295, 302 (E.D. Pa. 2007) (Sanchez, J.).  Commonwealth asks this Court to go far beyond this level of detail and address questions such as whether a particular newspaper article will be admissible at trial as common proof of plaintiffs' claim of negligent supervision.  Such detail is unnecessary at this stage of the proceeding.

Commonwealth essentially seeks a second bite at the

certification apple and asks the Court to provide far more specificity than has been provided by other courts that have recently certified similar classes.[7]  The Court's certification order provides sufficient guidance to the parties to comply with Wachtel and will not be revisited at this time.  Therefore, defendant's motion for a supplemental certification order will be denied except that the Court will allow Commonwealth an opportunity to object to the adequacy of Plaintiff Kessler.[8]

III. CONCLUSION

        For the aforementioned reasons, Commonwealth's motion for supplemental class certification will be denied, except to the extent that it requests the Court to evaluate the adequacy of Plaintiff Kessler under Federal Rule of Civil Procedure 23(a)(4).  An appropriate order follows.

---

        [7]     Commonwealth also argues that a second look at certification is necessary because the complaint has been amended.  However, it has pointed out no differences between the previous and current complaints aside from the addition of Plaintiff Kessler, which was contemplated by the Court's certification order and will be addressed after briefing by the parties.

        [8]     It may be that, if motions for summary judgment are made in this case, it will be helpful to refine the certification order and trial plan after a decision on summary judgment is made.  The parties remain free to seek an amendment to the certification order at that time, if one is warranted.

-13-

```
                  IN THE UNITED STATES DISTRICT COURT
                FOR THE EASTERN DISTRICT OF PENNSYLVANIA

                                :    CIVIL ACTION
A.D. ALBERTON &                 :    NO. 06-3755
MARK C. KESSLER,                :
                                :
        Plaintiffs,             :
                                :
v.                              :
                                :
                                :
COMMONWEALTH LAND TITLE         :
INSURANCE CO.,                  :
                                :
        Defendant.              :
```

O R D E R

**AND NOW**, this **29th day of July 2008**, for the reasons
stated in the attached memorandum, it is hereby **ORDERED** that
Commonwealth's motion for supplemental class certification (doc.
no. 143) is **DENIED**, except as to an evaluation of Plaintiff
Kessler's adequacy as class representative.

It is further **ORDERED** that Commonwealth shall file a
memorandum raising any objections to the adequacy of Plaintiff
Kessler, including the ability of his counsel to represent both
subclasses, by **Monday, August 18, 2008**.  Plaintiffs shall file a
response, if warranted, by **Monday, September 8, 2008**.

It is further **ORDERED** that, for the reasons stated on
the record at the hearing of July 22, 2008:

1.   Plaintiffs' motion to compel (doc. no. 151) is **DENIED**
     **without prejudice**;

2.   Defendant's motion to serve discovery on the class

members (doc. no. 149) is **GRANTED;**[9]

3.    Defendant's motion for a protective order (doc. no.

153) is **GRANTED.**


    **AND IT IS SO ORDERED.**


                             S/Eduardo C. Robreno
                          **EDUARDO C. ROBRENO, J.**

---

[9]    The grant of defendant's motion is subject to the
conditions stated on the record at the July 22, 2008 hearing.